**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Eliezer B.S.,

                Petitioner,

v.

 Peter Berg, et al.,

                Respondents.

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Civil File No. 26-03020
(MJD/DTS)

Danielle Oxendine Molliver, Paschal O. Nwokocha, Nwokocha & Operana Law Offices, LLC, Counsel for Petitioner.

Carl Berry, David R. Hackworthy, Assistant United States Attorneys, Counsel for Federal Respondents.

This matter is before the Court on Petitioner Eliezer B.S.'s Petition for Writ of Habeas Corpus. (Doc. 1.) Petitioner claims he is currently unlawfully detained in violation of the Fifth Amendment Due Process Clause, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA"). Respondents challenge Petitioner's arguments, maintaining that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and there has been no violation of his due process rights.

## I.    FACTS[1]

Petitioner is an eighteen-year-old citizen of Venezuela. (Doc. 1 ¶ 15.) Petitioner has lived in the United States since 2023. (Id.) Petitioner originally entered the United States on or about November 22, 2023, at the point of entry in Miami, Florida. (Id.; Doc. 9-5.) Petitioner was inspected and paroled for 2 years under the Venezuelan Humanitarian Parole program. (Id.) Petitioner's Humanitarian Parole expired on June 12, 2025. (Doc. 9 at 2.) Petitioner also has a pending application for asylum with the Department of Homeland Security ("DHS").

On June 14, 2026, Petitioner was arrested in Wright County for driving without a valid driver's license. (Doc. 9 at 2.) Petitioner was then transferred to Olmstead County Sheriff's Office based on an existing criminal warrant for failure to appear in court. (Id.) On June 16, 2026, Petitioner was then convicted of a petty misdemeanor for speeding. (Id.)

On June 16, 2026, an ICE Deportation Officer encountered Petitioner at the jail during ICE's "routine Criminal Alien Program ("CAP") Operations." (Doc. 9-

---

[1] Facts not disputed are deemed admitted. See Paula G. v. Bondi, No. 26-CV-410 (JMB/DLM), 2026 WL 146003, at *1 n.2 (D. Minn. Jan. 20, 2026).

5.) ICE conducted records checks, which indicated that "[petitioner] was unlawfully present in the United states." (Id.)

ICE officers then issued an I-200 (a "Warrant for Arrest of Alien") and lodged a Form I-274 ("Immigration Detainer") with Olmstead County. (Doc. 9 at 2.) ICE officers then served the I-200 on Petitioner and took him into ICE/DHS custody. (Id.) ICE agents then transferred Petitioner to the Whipple Federal Building for processing. (Id.) ICE then served Petitioner with a Notice to Appear ("NTA"). (Id.)

Also on June 16, 2026, ICE moved Petitioner to Sherburne County Jail, where he remains detained.[2] (Id.)

On June 18, 2026, Petitioner filed the instant petition. (Doc. 1.) Petitioner also filed a motion for a Temporary Restraining Order and a Motion for an Order to Show Cause. (Docs. 2, 3.) The Court granted in part and denied in part the Petitioner's two motions. (Doc. 5.) As part of its Order, the Court enjoined Petitioner's removal from the state of Minnesota and also required Respondents to respond to Petitioner's habeas petition by June 24, 2026. (Id.) On June 24, 2026,

---

[2] Note that Petitioner's counsel indicates in the petition that Petitioner is currently detained at the Kandiyohi Detention Center. (Doc. 1 ¶ 1.) Because both facilities mentioned by the parties are in the state of Minnesota, such difference in facts does not affect this Court's analysis of the habeas petition.

Respondents filed their response and accompanying exhibits. (Doc. 8.) Included in Respondents' submission was an ICE Deportation Officer's affidavit, an Immigration Detainer (Form I-247A), a Warrant for Arrest of Alien (Form I-200), a Notice to Appear, and a Record of Deportable/Inadmissible Alien (Form I-831). (Docs. 9, 9-1, 9-2, 9-3, 9-4, 9-5.)

Petitioner's counsel had until June 30, 2026 to reply to Respondents' submission, but no reply was filed.

## II.  DISCUSSION

### A.  Jurisdiction

A writ of habeas corpus may be granted to a petitioner who demonstrates he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3); Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (holding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States").  District courts have jurisdiction to hear habeas challenges to immigration-related detention.  Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

It is well established that certain constitutional protections available to persons inside the United States are unavailable to noncitizens outside of our

geographic borders.  But once a noncitizen enters the country, the legal situation changes, "for the Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."  Id. at 693.  Petitioner bears the burden to prove detention contrary to law by a preponderance of the evidence.  See Belsai D.S. v. Bondi, 810 F. Supp. 3d 1016, 1020 (D. Minn. 2025) (citations omitted).

**B.      8 U.S.C. § 1225 vs. 8 U.S.C. § 1226**

Petitioner argues that as a noncitizen arrested inside the United States and held in civil immigration detention, he is subject to detention pursuant to 8 U.S.C. § 1226. (Doc. 1 ¶¶ 18, 19.) Respondents argue that Petitioner is properly classified as an "applicant for admission" under § 1225(b), and therefore, his mandatory detention without an opportunity for a bond hearing is proper. (Doc. 8 at 2–4.)

While Respondents now argue for mandatory detention under § 1225(b)(2), they did not arrest Petitioner pursuant that statute. (Docs. 9; 9-3.) Rather, Respondents invoked the discretionary detention provisions of 8 U.S.C. § 1226 in the Form I-200 administrative warrant. (Doc. 9-3 (directing the warrant to "[a]ny immigration officer authorized pursuant to sections 236 [8 U.S.C. § 1226]

5

and 287 [8 U.S.C. § 1357] of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations").) Because Respondents represented to Petitioner in this warrant that his arrest was based on § 1226(a), the Court holds Respondents to that representation and considers the arrest under the discretionary detention framework of § 1226. Martha C.G.P. v. Blanche, 26-cv-2308 (DWF/JFD), 2026 WL 1329577, at *2 (D. Minn. May 13, 2026) (citing Francisco M.A. v. Blanche, No. 26 cv-2032 (JRT/EMB), 2026 WL 1229701, at *1 (D. Minn May 5, 2026)). Section 1226(a) prefaces arrest "[o]n a warrant issued by the Attorney General." Thus, to detain a noncitizen under § 1226(a), a warrant is required. Id. at *3 (citing Ahmed M. v. Bondi, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases)).

A Form I-200 is the administrative arrest warrant that authorizes a noncitizen's arrest, and it must be issued "[a]t the time of issuance of the [NTA], or at any time thereafter and up to the time removal proceedings are completed." 8 C.F.R. § 236.1(b). The NTA is the document that initiates removal proceedings. See 8 CFR § 239.1. "Putting both rules together, DHS may arrest a non-citizen using a Form I-200 only if the Form I-200 issues at the same time or after DHS

issues an NTA. See 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(b)(1)." <u>Dylan M. v.</u>

<u>Blanche</u>, 26-cv-02802 (JMB/LIB), Docket No. 12 at 9.

Here, Respondents provide the Form I-200 and the NTA, both of which

were issued on June 16, 2026. (<u>See</u> Docs. 9-3; 9-4.) The affidavit indicates that

Respondents obtained these documents prior to arresting Petitioner. (Doc. 9.)

Further, the I-200 supports the conclusion that Petitioner was served with the I-

200 at the time of his arrest: the location of service was listed as "Olmste[a]d,

Minnesota" (where Petitioner was in local custody) and it is dated June 16, 2026

(the date of Petitioner's arrest). (Doc. 9-3.) Further, the affidavit once again

indicates that the warrant was served on Petitioner prior to him being taken into

ICE/DHS custody. (Doc. 9.)

Without a response from Petitioner challenging the authenticity of the

NTA or the I-200, the Court considers these documents as accurate

representations of Petitioner's arrest. Therefore, the Court determines that

Petitioner's detention pursuant to § 1226(a) is proper.

## C.    Remedy

Because Respondents used the I-200 to justify Petitioner's detention, and

the Court determined that such action subjects Petitioner to § 1226(a)'s

discretionary detention framework, Petitioner is entitled to a bond hearing. See

Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("[A]liens detained under §

1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§

236.1(d)(1), 1236.1(d)(1))). This Court will order a bond hearing.

The Court acknowledges that the parties here spend additional briefing on

Petitioner's substantive and procedural due process rights. (See Doc. 1 ¶¶ 37–39,

Doc. 8 at 5–10.) However, because the Court finds that Petitioner's current

detention is proper pursuant to 8 U.S.C. § 1226(a), and that Petitioner is therefore

entitled to a bond hearing, the Court need not consider Petitioner's alternative

arguments. See Faysal N. v. Noem, No. 25-CV-04641 (JMB/DLM), 2026 WL

36066, at *3 n.3 (D. Minn. Jan. 6, 2026) (stating that when the court's decision on

one of the petitioner's asserted theories for relief meant that the petitioner's

detention was unlawful, the court did not need to reach the petitioner's

alternative arguments).

## III.   ORDER

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

1.     The Petitioner's Petition for Writ of Habeas Corpus **[Doc. 1]** is
       **GRANTED IN PART** as follows:

a. Petitioner is detained pursuant to 8 U.S.C. § 1226(a);

b. Respondents are ordered to provide Petitioner with a bond hearing within one week after the issuance of this Order;

c. Respondents are ordered to file notice of such bond hearing directly with the Court within two (2) hours of its scheduling[3]; and

d. If a bond hearing takes place that results in Petitioner's release, Respondents are ordered to:

    i. Release Petitioner into Minnesota;

    ii. At a safe time and place communicated at least two (2) hours in advance to Petitioner's counsel; and

    iii. With all of Petitioner's personal effects in Respondents' possession, such as Petitioner's driver's license, immigration papers, passport, cell phone, keys;

e. If a bond hearing does not take place within one week, the Respondents are ordered to immediately release Petitioner from custody into Minnesota with the same conditions of release described in 2(c); and

2. Within 48 hours of the conclusion of the bond hearing or Respondents' decision to release Petitioner from custody, Respondents must file a status report with the Court detailing the

---

[3] The purpose of this is to provide timely notice to Petitioner's counsel so that counsel can prepare for the bond hearing and/or find an immigration law attorney to represent Petitioner at the hearing.

9

results of the Bond Hearing or its actions related to release; and

3.    Any motion for attorney fees and costs pursuant to the Equal Access to Justice Act must be filed within 21 days of entry of judgment in this matter, along with a well-reasoned memorandum of authorities explaining why an award of fees and costs is warranted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 1, 2026                          s/Michael J. Davis
                                             Michael J. Davis
                                             United States District Court