# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Eliezer B.S.,

                    Petitioner,

v.

 Peter Berg, et al.,

                    Respondents.

**ORDER ON
MOTION TO ENFORCE**

Civil File No. 26-03020
(MJD/DTS)

---

Danielle Oxendine Molliver, Paschal O. Nwokocha, Nwokocha & Operana Law Offices, LLC, Counsel for Petitioner.

Carl Berry, David R. Hackworthy, Assistant United States Attorneys, Counsel for Federal Respondents.

---

This matter is before the Court on Petitioner Eliezer B.S.'s Motion to Enforce. (Doc. 19). For the reasons stated below, the motion is **granted**.

Petitioner filed a Petition for Writ of Habeas Corpus on June 18, 2026. (Doc. 1). Petitioner claimed he was unlawfully detained in violation of the Fifth Amendment Due Process Clause, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA"). Respondents argued that Petitioner was properly detained pursuant to 8 U.S.C. §

1225(b), and that Petitioner's substantive and procedural due process rights were not violated. (Doc. 8.)

On July 1, 2026, the Court granted Petitioner's habeas petition. (Doc. 15.) In reaching that decision, the Court relied on Respondents' own representations and supporting exhibits. Specifically, in the materials Respondents provided to the Court, Respondents asserted that ICE officers served Petitioner with an I-200, Warrant for Arrest of Alien, when executing his arrest. (See Doc. 9 at 2.) Based on that representation, the Court concluded that – regardless of the Eighth Circuit's decision in Avila v. Bondi – Petitioner's arrest was governed by the discretionary detention framework of 8 U.S.C. § 1226(a). See 170 F.4th 1128 (8th Cir. 2026). That conclusion is consistent with this Court's prior decisions, as well as those of several others in this District, finding that reliance on an I-200, which is directed only to "immigration officer[s] authorized pursuant to sections 236 [8 U.S.C. § 1226] and 287 [8 U.S.C. § 1357] of the Immigration and Nationality Act and part 287 of the [CFR]" – supports application of § 1226(a). See e.g., Duglas A.V.V. v. Blanche, Case No. 26-cv-02701 (MJD/JFD) (D. Minn. June 18. 2026); Martha C.G.P. v. Blanche, 26-cv-2308 (DWF/JFD), 2026 WL 1329577, at *2 (D. Minn. May 13, 2026); Francisco M.A. v. Blanche, No. 26 cv-2032 (JRT/EMB), 2026 WL

2

1229701, at *1 (D. Minn May 5, 2026). The Court then determined that Petitioner was entitled to a bond hearing based on his detention pursuant to § 1226(a). (Doc. 15.)

On July 8, 2026, Petitioner's counsel filed a Motion to Enforce the Court's Order. (Doc. 19.) Petitioner's counsel maintained that the Immigration Judge ("IJ") "refused to comply [with this Court's Order], expressly declining to exercise jurisdiction." (Doc. 19 at 1.) On July 13, 2026, Respondents responded to Petitioner's motion, arguing that Petitioner initially misunderstood the nature of his immigration status, that the IJ held a bond hearing, and that the Court is barred from reviewing the IJ's decision. (Doc. 24 at 1–6.)  The Court held a motion hearing on July 14, 2026, where the Court requested Respondents provide the Court with a recording and/or transcript of the bond hearing.

The Court has reviewed the IJ's order and has listened to a recording of the hearing. Throughout the hearing and in the written order that followed, the IJ repeatedly states that she must deny bond because the immigration court lacks jurisdiction under Matter of Yajure-Hurtado, 29 I. & N. Dec. 216 (B.I.A. 2025). (Doc. 21.) The IJ stated more than once that this Court and District Courts, in general, do not understand the concept of Immigration Court jurisdiction. At the

3

request of the government, the IJ then entered "alternative findings" that Petitioner in this case did not pose a danger to the public, and that "the Court would set a bond of $10,000 BUT FOR the lack of jurisdiction." (Id.)

As previously explained, on July 1, 2026, the Court ordered that Petitioner receive a bond hearing. (Doc. 15.) That determination was deliberate and narrowly focused on the representation Respondents made in effectuating Petitioner's initial immigration detention. Any tension regarding Petitioner's specific citizenship status and continued detention necessarily follows Respondents' own characterization of Petitioner's initial arrest.

While the Court is mindful of the difficult position the IJ was in, the Court feels strongly that there are ways to express disagreements with this Court's legal conclusions that do not touch on the Court's competence or understanding of immigration law. Such comments do nothing to advance the resolution of the legal issues our courts continue to face.

The Court ultimately concludes that Petitioner did not receive the bond hearing he was entitled to under this Court's order. The IJ's alternative finding stated that Petitioner did not pose a danger to the community and would have been entitled to a $10,000 bond. However, the Court agrees with the decision in

David J.C.P v. Blanche, where the Honorable Donovan W. Frank found that such alternative findings on bond are entirely "illusory," because the "Petitioner has no option to pay that bond and be released." Case No. 26-cv-2181 (DWF/ECW), Doc. 19 (D. Minn. May 14, 2026).

In its July 1, 2026 Order, the Court specifically stated that "if a bond hearing does not take place within one week, the Respondents are ordered to **immediately release** petitioner." (Doc. 15 at 9.) (emphasis added.) Because the Court has determined that Petitioner's "bond hearing" was illusory, Petitioner must then be released immediately.

Accordingly **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Enforce **[Doc. 19]** is **GRANTED**;

2. Respondents are ordered to immediately release Petitioner into Minnesota;

3. Respondents are ordered to arrange for the immediate release of Petitioner into Minnesota at a safe time and in a safe place that is communicated at least two (2) hours in advance to Petitioner's counsel;

4. Respondents are ordered to immediately return all Petitioner's personal items that were taken from him when he was detained in substantially the same condition as when the items were taken during his arrest, such as his driver's license, passport, cell phone, keys, etc.;

5. Petitioner shall be released on his own recognizance without any conditions upon his release; and

6. Respondents are ordered to confirm with the Court Petitioner's release from custody within forty-eight (48) hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 17, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court